JOHN DOE, on the demise of GEORGE P. KNIGHT, vs. RICHARD ROE, Casual Ejector, and WILLIAM K. KNIGHT, tenant in possession.

1. WILLS—CONSTRUCTION—INTENT.

The intention of the testator as expressed in his will is the controlling factor in its construction and, when discovered, must prevail.

2. WILLS—CONSTRUCTION—PAROL EVIDENCE—DESCRIPTION OF LAND.

On the issue whether a tract of land which had been purchased by testatrix passed under her devise of her farm by general description which would include such tract, followed by the statement that the farm was the same farm or tract which had been devised to testatrix by her father, evidence that the tract purchased by testatrix had been used in connection with, and as a part of, the farm devised to her for more than twenty years before her death, and had been treated as one of the fields constituing her farm, was admissible, not to vary or alter the language of the will, but to show the condition of the relation of the lands devised and the facts and circumstances existing when the will was executed.

3. WILLS—CONSTRUCTION—DESCRIPTION—RECITAL OR RESTRICTIVE WORDS.

Testatrix, who under her father's will had been devised a certain described farm, and who thereafter purchased a tract of nineteen acres adjoining the farm and annexed it to and treated it as a part of the farm, devised to a son, all the farm or tract containing two hundred and forty-five acres,

and concluded her devise by saying that it was the same farm or tract which had been devised to her by her father. *Held* that, as the main description was complete in itself, the concluding language was merely a recital, and not a part of the description; and that, even if construed as descriptive of the farm, it would not restrict the complete and adequate description which preceded it; and hence that her devisee took such nineteen-acre tract.

(*November* 2, 1915.)

Pennewill, C. J., and Conrad, J., sitting.
*Arley B. Magee* and *W. Watson Harrington* for plaintiff.
*Henry Ridgely* and *George M. Fisher, Jr.*, for defendant.
Superior Court, Kent County, October Term, 1915.

Action of Ejectment, No. 30, February Term, 1915.

Action by George P. Knight against William K. Knight to recover one equal undivided half interest in certain real estate, situated in Little Creek Hundred, Kent County, and containing about nineteen acres. Verdict directed for defendant.

The material facts and contentions of the parties are stated in the opinion.

Pennewill, C. J., delivering the opinion of the court:

This is an action of ejectment brought by the plaintiff against the defendant, to recover the one-half undivided interest in certain real estate consisting of a field or tract of land containing about nineteen acres of land situated in Little Creek Hundred, Kent County.

There is no dispute about the material facts in the case which may be stated as follows:

Elizabeth J. Knight, the mother of the real plaintiff and defendant, in and by Item 5 of her last will and testament, dated November 27, 1907, devised unto the defendant, "his heirs and assigns forever, all that certain farm or tract of land situated on both sides of the public road leading from the Town of Dover to Quaker Lane in Little Creek Hundred, Kent County, and adjoining lands formerly owned by Thomas W. Wilson, other lands of mine described in Item 4 of this my last will and testament, and lands of others, and containing two hundred and forty-five (245) acres of land be the same more or less. It being the same farm or

tract of land which was devised to me by the last will and testament of my late father, George Parris," etc.

By Item 4 of her said last will and testament the said Elizabeth J. Knight devised to the plaintiff, "his heirs and assigns forever, all that certain farm and tract of land situated on the north side of the public road leading from the Town of Dover, Kent County and State of Delaware, to Quaker Lane in Little Creek Hundred, Kent County, adjoining lands late of Dr. Henry Ridgely, lands of Emanuel J. Stout and other lands of mine, and containing two hundred and forty (240) acres of land be the same more or less. It being the same farm or tract of land which I purchased of Mary R. Parris and others by deed bearing date," etc.

Item 8 of the will of George Parris, the father of Elizabeth J. Knight, in part, is in the following language:

"I give and devise unto my daughter Elizabeth Jane Knight, wife of (Hughett L. Knight) the following described real estate, to wit, all that certain farm plantation and parcel of land situated in Little Creek Hundred in Kent County aforesaid, adjoining lands of Thomas W. Wilson and others and containing about two hundred and fifteen acres being that part of the tract called 'Long Point' which lies on the southeast side of the public road leading from Dover to Little Creek Landing, also all that certain field lying on the north side of the public road last mentioned, containing about thirty acres and known as Quaker lane field, and also all that certain other farm plantation and parcel of land known as 'The White Oak' situated partly in East Dover Hundred and partly in Little Creek Hundred in Kent County aforesaid adjoining lands formerly of Rev. Thomas Murphey, containing about three hundred and eighty-three acres," etc.

The testatrix acquired title to the tract or field of about nineteen acres, which is the subject of this action, by deed of Thomas W. Wilson and wife, dated May 6, 1885.

The said tract of nineteen acres, which is in dispute, adjoined the farm which the testatrix acquired under the will of her father, and very soon after her acquisition of it the testatrix made it a part of said farm and so treated it up to the time of her death.

The question to be decided in this case is whether or not the devise to William K. Knight under Item 5 of the will of his mother Elizabeth J. Knight embraces the tract of nineteen acres obtained by her under the deed of Thomas W. Wilson and wife.

The testatrix had other lands in the Town of Dover and elsewhere which she also specifically devised. If the field in question

Opinion.

was included in the devise to the defendant, then, every part and parcel of her real estate was specifically devised. If it was not so included, then that field alone was not specifically devised, and is the only part of her real estate that would pass under the residuary clause of her will, which is as follows:

"Item 10. I give, devise and bequeath to my said sons, William K. Knight and George P. Knight, their heirs and assigns forever, the remainder of my estate, all the rest and residue of my estate of whatsoever kind and description."

[1] The intention of the testatrix, as expressed in her will is, of course, the controlling factor in its construction. The testamentary intent, when discovered, must prevail.

In seeking for such intent, as expressed in the present will, the court are impressed at the outset with the thought that the testatrix intended to specifically dispose of every part of her real estate. It is impossible to escape that belief after reading the entire will.

It is almost inconceivable that Elizabeth J. Knight intended that a certain field that had been used as a part of one of her farms ever since she had owned it, and that field alone, should pass under the residuary clause of her will, when the farm of which it formed a part was specifically devised.

Is there anything in the will which shows that such was not her intention? Nothing, unless the concluding part of Item 5 restricts or qualifies the general description contained in the preceding part of said Item and excepts from its operation the field in question.

There can be no question that the general description of the farm devised to the defendant, and contained in Item 5, is sufficient to embrace the field in question. It is described as:

"All that certain farm or tract of land situated on both sides of the public road leading from the Town of Dover to Quaker Lane in Little Creek Hundred, Kent County, and adjoining lands formerly owned by Thomas W. Wilson, other lands of mine described in Item 4 of this my last will and testament, and lands of others," etc.

[2] This is a good and complete description, by adjoining owners, of the farm now owned by the defendant, including the

field in dispute; and we do not think this proposition is seriously controverted. It is clearly shown by the evidence adduced by the defendant, and is not denied by the plaintiff, that the field in question has been used in connection with, and as a part of, the farm devised to the defendant for more than twenty years before the death of the testatrix, and in fact ever since she acquired title thereto. It clearly appears that said field was not separate from but annexed to and used with the farm devised to the defendant, and was treated by the testatrix, up to the time of her death, as one of the fields constituting said farm.

This testimony was admitted by the court, not to vary or alter by extrinsic evidence the language of the will or intention of the testatrix, but simply to show the condition or relation of the lands devised, and the relevant facts and circumstances existing at the time the will was executed. It was admitted to aid the court in determining from the will what the testatrix' intention was respecting the devise in Item 5, because there is an inconsistency between the general description contained in said Item and the concluding words, viz.:

"It being the same farm or tract of land which was devised to me by the last will and testament of my late father, George Parris," etc.

We were clearly of the opinion that the admissibility of such testimony was warranted by authority, and without referring to the cases cited, most of which were not strictly in point, we will cite only *Section* 572, *Volume* 1, of *Schouler on Wills*, and quote therefrom the following:

"All this scrutiny and comparison (of the will) may leave the court nevertheless in doubt as to what the testator and the will intended upon some particular point in a given case; and hence, to resolve what is uncertain, but not to change or contradict what is plain, nor to substitute or insert new matter, the court admits extrinsic evidence of circumstances, and surroundings in aid of the testator's meaning. And the object of such evidence is to put the court in the testator's place and ascertain better what he intended."

We may also note the fact that such testimony was admitted in plaintiff's leading case of *Evens v. Griscom*, 42 *N. J. Law*, 579, 36 *Am. Rep*. 542, as appears from the dissenting opinion of *Van*

*Syckel, J.*, who said "it (the farm) had long been regarded as one farm."

But the plaintiff contends that there is no inconsistency between the two parts of Item 5, and that therefore the evidence should not have been admitted.

It is apparent however, that the two parts of Item 5 are inconsistent, because the first includes the field in dispute and the last excludes it.

If the testatrix had intended by the first part of Item 5 to exclude said field, and devise only that part of the farm which was devised to her by the will of her father, she would naturally have described the farm as adjoining that field, or land owned by her, because she described the farm, in another part, as adjoining her own lands.

We are clearly of opinion that the testatrix did not refer to this field as forming one of the boundaries of the farm devised to the defendant.

[3]   The only question that remains to be considered is, whether the concluding part of Item 5 must be regarded as a part of the description of the farm devised, and if it is, whether it restricts or qualifies the general description that precedes it.

We have not the time, even if it were necessary, to review the numerous authorities cited on both sides. We think, however, that very many of them might be eliminated because the material facts are different. For that reason they cannot be regarded as in point or as helpful to the court.

In some of the cases the land that was held not to pass under the devise because of the restricting words, was land entirely separate and distinct from the lands described by said words. It did not form an integral part of the main tract or body of land devised, as in the present case.

In other cases the qualifying or restricting words were an essential part of the description as in plaintiff's leading case of *Evens v. Griscom*, 42 *N. J. Law*, 579, 36 *Am. Rep.* 542, in which five of the twelve judges dissented. In that case the devise was "all that my farm and plantation near Cropwell, conveyed to

me by the heirs of my deceased wife, and where my son, Thomas Evens, now resides," etc.

This is the authority upon which the plaintiff mainly relies, and it is probably the strongest authority in support of his case. But it will be observed that the restrictive words, "conveyed to me by the heirs of my deceased wife" are not only an inseparable and essential part of the description, but they constitute the real and only description of the farm devised.

In the case at bar the principal description is complete in itself and separate from the words which the plaintiff claims restrict the general description that precedes them.

We think we are safe in saying that of all the cases cited by the plaintiff there is not one in which the restrictive words were not an essential part of the description and directly incorporated in it. We believe there is not a case cited, and that one cannot be found where the later words were held to limit the general description if they were used in the same connection as in the present case. It should be noted that in the devise now before the court the description is not—all my farm situated in a certain place and adjoining lands of a. b. and c. which was devised to me by the will of my father. That might be held to be an essential part of the description, and to restrict the general words "all my farm," etc. But in the present case the testatrix, after giving a general, intelligent, adequate and complete description of the farm devised stops.

She then employs a new sentence containing these words:

"It being the same farm or tract of land which was devised to me by the last will and testament of my late father, George Parris."

This sentence is not a description of the farm devised, and therefore it cannot limit or restrict the general description that precedes it. It is a recital merely, employed to show the derivation of testatrix's title, and was not intended as a description of the farm devised or a limitation of the general language previously employed.

If it was intended as a description of the farm devised, then there appears to be an incongruity and repugnancy between the

two descriptions, and the *maxim falsa demonstratio non nocet* applies,—a false description does not injure.

But whether, strictly speaking, this maxim applies or not, we think it is well settled law, and entirely consonant with reason, that where a devise contains a general description sufficiently definite to carry the whole of a tract of land, the effect of this general description will not be limited because the devise also contains super-added words of particular description which would apply only to a portion of the tract.

"The distinction is between those cases in which there has been a complete description of the thing given and a subsequent misdescription as to some particular connected with it, and cases in which that which is subsequently connected with the description is so connected as to form a part of the description of the thing given. In the latter case the words will limit the devise. Where there is a complete description, and the testator goes on to add words, for the purpose of identification, these words if inconsistent with the previous description, may be rejected."

"A gift by words of general description, as we have seen, is not to be limited by a subsequent attempt at particular description. * * * In short, testing such questions by the true meaning of the will, it may frequently happen that an estate definitely and fully described may have some particular added which holds good of a part of the estate only, and may therefore be discarded in construction." *Schouler on Wills, Vol.* 1, § 516.

In *Volume* 40 of *Cyc.* 1528, it is said:

"In the absence of any indication from the whole will of an intention to the contrary, a gift by words of general description is not to be limited by a subsequent attempt at a particular description."

There can be no doubt that the general description of the farm in the first part of Item 5, is entirely sufficient and adequate to cover the field in dispute, and it is equally certain that there is nothing in the entire will that indicates an intention to the contrary unless, as we have said, the recital or concluding words of Item 5 have that effect.

We have commented briefly on plaintiff's leading case—*Evens v. Griscom*, and we will make brief reference also to the case of *Drew v. Drew*, 28 *N. H.* (8 *Foster*) 489, upon which the defendant particularly relies.

In that case the devise was "all my homestead farm in said Dover, being the same farm whereon I now live, and the same that was devised * * * by my honored father."

This case, in the particular feature we are considering, is more like the one before the court than the *Evens-Griscom case* or any other cited by plaintiff. The superadded words, "the same that was devised to me by my honored father," it was contended should be regarded, not as descriptive of the farm but as a reference to title. But the court held that the reference to the devise of the testator's father was intended as descriptive of the subject of the devise, because it was closely connected with and made a part of the principal description.

The court said:

"To decide the question raised in this case, we have merely to consider whether the clause which, it is contended, should be construed as restrictive and qualifying, is, first, so connected with the former description as to appear intended as an additional description of the same property; and second, if it is so inconsistent with and repugnant to the language of the principal description, then it cannot have the effect of a restriction or qualification without conflicting with its proper meaning. As to the first, it seems to us there can be no doubt."

In another part of the opinion, after citing a number of cases, the court used this language:

"These cases seem to justify the general rule, that where the principal description purports to be of all or the whole of any property described, any additional description, apparently designed to apply to the same property, but which proves to be only partially true, will not be construed to restrict the grant to a portion of the property, but all will pass."

We cannot refer to the other cases cited by defendant but they fully support the court's conclusion.

So that, in the *Drew case*, even though the words were descriptive of the farm, it was held that the whole farm would pass because the first description being adequate to pass the whole farm, the second description was inconsistent with it, and must, therefore, be rejected, and could not qualify or restrict the first description.

In the case at bar the concluding words of the Item are not so closely connected and interwoven with the first description as to form a part of the description and restrict the general description. We are of the opinion that they are not descriptive and qualifying words at all, but were meant to be a reference to testa-

trix's title by way of recital.  But even if they should be regarded
as descriptive of the farm, they cannot restrict the clear, ade-
quate and complete description which preceded them, and which
undoubtedly are sufficient to include the land or field in dispute.

In determining the question before the court we do not think
the fact that the farm devised to the defendant, excluding the
field in dispute, contained practically the same number of acres
as the farms devised to the testatrix by the will of her father is
of any particular significance.  This clearly appears from the
authorities, and particularly from the case of *Evens v. Griscom*,
cited by the plaintiff, in which the court when speaking upon
this point said:

"The indication was not much relied on at the argument, and I think
very properly so.  *  *  *  I have seen no decision in which the quantity
of acres given in the will has been permitted to control or modify, much less
to expunge, any part of the verbal description.  We have already seen that
in the case of *Morrell v. Fisher*, the circumstance was considered of no moment,
and in *Whitfield v. Langdale* a farm of one hundred and seventy-five acres
was held to pass, although the tract devised was described as containing
only eighty acres.  In the present case, under the circumstances, no force
whatever seems due to this branch of the description."

The plaintiff seems to admit that if the farm had been
devised to the defendant by name, or, as in the possession of a
certain person, the concluding words of the Item would not be
restrictive.  We are unable to see why the description that was
employed was not as adequate, certain and unrestricted as if it
had been by name or possession.  We can see no difference in prin-
ciple, or any reason for a distinction.

It is admitted by counsel on both sides that there is no dis-
puted fact in this case, and nothing therefore for the jury to
determine.  It is likewise admitted that the question to be deter-
mined is one solely for the court, and that binding instructions
should be given the jury.  In fact, counsel both for plaintiff and
defendant have asked for such instruction.

The court being of the opinion, for the reasons above stated,
that under the devise contained in Item 5 of the will of Elizabeth

J. Knight the land in dispute passed to William K. Knight, the devisee, therein named, the jury are instructed to return a verdict in favor of the defendant, that is, not guilty.

Verdict, not guilty, etc.